

consent given

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
MUSKOGEE DIVISION

| | |
|---|---|
| HASSAN MASRI, M.D and<br>SUZANNE MASRI, husband and wife,<br><br>Plaintiffs<br>v.<br><br>TOMMY ROBERTS, SR, JUDY<br>ROBERTS, husband and wife<br>and JOHN DOES 1-3 and/or JANE<br>DOES 1-3,<br><br>Defendants | CASE NO. CIV 11-023-KEW |

## COMPLAINT

COME NOW the Plaintiffs, Hassan Masri and Suzanne Masri, by and through their attorneys, Hayes & Alford, PLLC, and for their Complaint against the Defendants Tommy Roberts, Sr., Judy Roberts, John Does 1-3, and/or Jane Does 1-3, (collectively "Defendants") state and allege:

### Parties, Jurisdiction and Venue

1. Plaintiffs Hassan Masri and Suzanne Masri ("Plaintiffs") are residents of Fort Smith, Sebastian County, Arkansas.

2. Defendants Tommy Roberts, Sr. and Judy Roberts ("Defendants Roberts") are residents of Roland, Sequoyah County, Oklahoma.

3. Defendants John Does 1-3 and Jane Does 1-3 ("Defendants Doe") are individuals, corporations, limited liability companies or other entities who have worked

with Defendants or acted with Defendants, causing the circumstances that have led to Plaintiffs' damages and injuries stated herein. The identity of these parties is unknown at this time and when the identities of the parties are discovered, the pleading will be amended substituting the true names of Defendants, as sworn in the affidavit attached hereto and incorporated herein as Exhibit "A".

4. This Court has jurisdiction over this matter as the parties are citizens of different states and the amount in controversy, exclusive of interest and costs exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Plaintiffs are the owners of certain real property located in Sequoyah County, Oklahoma ("Sequoyah County Property") described more particularly in Exhibit "B", which is attached hereto and incorporated herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) as a substantial part of the events giving rise to Plaintiffs' claim occurred in the Eastern District.

7. This is an action for fraud, tortious interference with business expectancies, damages, and other relief resulting from Defendants' fraudulent activity.

## Factual Background

8. Defendants Roberts, acting in concert with other persons and entities, have created a trail of contracts, deeds and other conveyances in an attempt to take the Sequoyah County Property from the Plaintiffs without compensation.

9. On or about September 11, 1996, Plaintiffs agreed to sell the Sequoyah County Property to a Buyer procured through Delmas Roberts Realty, Inc. referred to herein as T.W. Sanders a/k/a Woodland Hills Properties Group ("WHPG"). A copy of the

Contract for Deed is attached hereto and incorporated herein as Exhibit "C". The purchase price for approximately 100 acres was $300,000.00. The sale terminated before the closing and no sale took place from Plaintiffs to WHPG. Plaintiffs were not advised that any other real estate contract was entered into by Plaintiffs to sell the Sequoyah County Property.

10. Subsequent to the failed WHPG closing and without the knowledge or agreement of the Plaintiffs, Defendants Roberts allege they assumed or substituted themselves as the Buyers in place of WHPG. However, no documents were ever signed by Defendants Roberts assuming the Contract for Deed or any other real estate contract between Plaintiffs and Defendants.

11. On information and belief, Defendants Roberts prepared a closing statement reflecting Delmas Roberts, on behalf of Delmas Roberts Realty, Inc. as the closing agent, purporting to represent that a closing of the property with WHPG had occurred and that closing was allegedly assumed by Defendants Roberts ("Delmas Roberts Closing Statement"). A copy of the Delmas Roberts Closing Statement is attached hereto and incorporated herein as Exhibit "D". However, the closing and the payments set forth in the Delmas Roberts Closing Statement never occurred and the closing statement was never presented to Plaintiffs for a "Roberts" closing.

12. Further, subsequent to the failed WHPG closing, Defendants Roberts prepared and Defendant Tommy Roberts, Sr. signed a HUD Closing Statement for WHPG ("HUD-1") which purports to be the closing of the subject transaction with Defendants Roberts but this transaction never occurred as stated in said HUD-1. Defendant, Tommy Roberts, Sr. signed the HUD-1 for WHPG, as the Buyer, even

though WPHG had terminated the purchase by WHPG. A copy of the HUD-1 is attached hereto and incorporated herein as Exhibit "E".

13. In conjunction with the failed WHPG closing, which was to occur on September 11, 1996, a Joint Tenancy Warranty Deed was prepared by Delmas Roberts and notarized by Delmas Roberts's wife, Ruby Roberts ("Joint Tenancy Warranty Deed"). This deed was signed by Plaintiffs and to be held by Delmas Roberts for the closing with WHPG. In that the WHPG closing did not occur, Plaintiffs understood the deed was destroyed. A copy of the Joint Tenancy Warranty Deed is attached hereto and incorporated herein as Exhibit "F".

14. On information and belief, the file of Delmas Roberts was procured by Defendant Tommy Roberts, Sr, who held the file and the documents of the failed WHPG closing without the knowledge of Plaintiffs.

15. No closing occurred between Plaintiffs and WHPG, Plaintiffs received no compensation, or agreed to convey the Sequoyah County Property to Defendants Roberts. However, the Joint Tenancy Warranty Deed was recorded by Defendant Tommy Roberts, Sr on December 9, 2010 over 14 years later and long after the alleged final payment would have been due under the Contract for Deed. Defendant Tommy Roberts, Sr. paid revenue stamps for a transaction that never occurred in an amount reflecting a price of $300,000.00.

16. On December 27, 2010, Defendants Roberts recorded in the real property records of Sequoyah County, Oklahoma, a quit claim deed dated August 27, 2003 from Plaintiffs to Defendants Roberts ("2003 Quit Claim Deed"). A copy of the recorded Quit Claim Deed is attached hereto and incorporated herein as Exhibit "G". On information

and belief, the 2003 Quit Claim Deed was created from a deed for another unrelated transaction involving Plaintiffs, which Defendants had access to through their relationship with other parties. Defendant Tommy Roberts, Sr again paid and affixed to the 2003 Quit Claim Deed revenue stamps representing a price of $300,000.00.

17. Defendants Roberts granted a mortgage to First Resource Federal Credit Union on October 20, 2004, recorded October 29, 2004 in Book 1035, Pages 670 to 691 in the real property records of Sequoyah County, Oklahoma ("First Resource Mortgage"). At the time of granting the mortgage, Defendants had no title recorded in their name. The mortgage is a cloud on Plaintiffs' Sequoyah County Property. A copy of the First Resource Federal Credit Union Mortgage is attached hereto and incorporated herein as Exhibit "H".

## COUNT I
## FRAUD

18. Plaintiffs restate and re-allege paragraphs 1 through 17 as if set forth herein word for word.

19. Plaintiffs relied upon representations of the Defendants that the WHPG transaction terminated, did not close, no sale took place, and there was no transfer of the Sequoyah County Property. Plaintiffs were never informed otherwise and were not a party to any other real estate contract to sell the Sequoyah County Property.

20. The acts of Defendants in the preparation and falsifying of deeds, closing statements and other actions were knowingly, intentional, deceitful and fraudulent, and all done with the intent and purpose of taking property from Plaintiffs without compensation.

21. Defendants Roberts conspired with the Defendants Doe to take Plaintiffs' property without compensation

22. By reason of Defendants' fraudulent acts, Plaintiffs have been defrauded of their property, and have never been paid for the conveyance, transfer, or purchase of the Sequoyah County Property. Defendants have deeded mortgaged and otherwise clouded the title to the Sequoyah County Property such that Plaintiffs cannot sell, subdivide or otherwise develop their property.

23. As a direct and proximate cause of Defendants' Roberts fraudulent conduct, Plaintiffs have been damaged.

24. Plaintiffs are entitled to treble damages from Defendants for being forcibly excluded from the possession of their Sequoyah County Property pursuant to 23 O.S. 1931 § 71.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

25. Plaintiffs restate and re-allege paragraphs 1 through 25 as if set forth herein word for word.

26. Plaintiffs invested in the Sequoyah County Property as a part of other tracts of land where Plaintiffs have developed over the years many residential subdivision lots.

27. Defendants were aware and had knowledge of Plaintiffs' investment in and development of contiguous property into residential lots.

28. By reason of Defendants' intentional, reckless and malicious acts, Plaintiffs cannot realize the investment potential and business expectancy of developing said Sequoyah County Property into residential subdivision land and lots for sale to

6

builders and home buyers and therefore Plaintiffs are entitled to compensatory damages in addition to punitive damages.

## COUNT III
## INJUNCTIVE RELIEF

29    Plaintiffs restate and re-allege paragraphs 1 through 28 as if set forth herein word for word.

30.    Plaintiffs request the Court enjoin Defendants from coming upon Plaintiffs' Sequoyah County Property and order Defendants to remove all Defendants' property from Plaintiffs' property including any mortgages, liens, or other clouds to Plaintiffs' title filed against the Sequoyah County Property.

31.    If Defendants do not remove their property within the time prescribed by this Court and cause all mortgages and liens to be released, a writ should be issued and directed to the U.S. Marshall to forcibly remove Defendants and their property from Plaintiffs' property and to release any and all mortgages and liens against the Sequoyah County Property.

## COUNT IV
## DECLARATORY JUDGMENT

32.    Plaintiffs restate and re-allege paragraphs 1 through 31 as if set forth herein word for word.

33.    Plaintiffs request the Court enter an order finding that Defendants have no right or title to the Sequoyah County Property and that Plaintiffs are the rightful owner in fee simple of said property, free and clear of all mortgages and liens including the mortgage to First Resource Federal Credit Union.

## COUNT V
## DAMAGES

34. Plaintiffs restate and re-allege paragraphs 1 through 33 as if set forth herein word for word.

35. Plaintiffs are entitled to compensatory damages for Defendants fraudulent acts in the amount of no less than $300,000.00 plus interest from the date of the Contract for Deed if Defendants are allowed to remain in possession of said property, for loss of use, loss of economic benefit of said property.

36. Plaintiffs are entitled to treble damages from Defendants for being forcibly excluded from the possession of their Sequoyah County Property pursuant to 23 O.S. 1931 § 71.

37. Plaintiffs are entitled to punitive damages for Defendants' knowing, willful and intentionally deceitful fraudulent acts and conduct.

38. Plaintiff should be awarded their attorneys' fees and cost including abstracting, survey and other professional fees and expenses incurred in discovering Defendants' fraudulent conduct.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Hassan Masri and Suzanne Masri respectfully prays that this Court enter judgment granting Plaintiffs judgment against the Defendants, jointly and severally, for compensatory damages

suffered by the Plaintiffs due to the Defendants' conduct alleged herein; statutory treble damages for being forcibly excluded possession of Plaintiffs' property; punitive damages in an amount to be determined against each defendant; Plaintiffs' attorney's fees and costs incurred herein, and all other just and appropriate relief, including all available equitable remedies, to which the Plaintiffs show themselves to be entitled.

Respectfully submitted,

HASSAN MASRI and SUZANNE MASRI

By: *SHarperEasterling*
Stephanie Harper Easterling,
OBA No. 20498
John D. Alford, ABA No. 80003
Hayes & Alford, PLLC
700 South 21st Street
Fort Smith, AR 72901
(479) 242-8814
she@hayesalford.com
john@hayesalford.com

## VERIFICATION

I, Hassan Masri, do hereby state and affirm that I have read the foregoing Complaint and believe the facts stated in the Complaint are true and the documents attached as Exhibits are accurate.

Hassan Masri

I, Suzanne Masri, do hereby state and affirm that I have read the foregoing Complaint and believe the facts stated in the Complaint are true and the documents attached as Exhibits are accurate.

Suzanne Masri

## ACKNOWLEDGMENT

STATE OF ARKANSAS )
) ss.
COUNTY OF SEBASTIAN )

Before me, a Notary Public in and for said County and State, on this 17TH day of January, 2011, personally appeared Hassan Masri, to me known to be the person who executed the above and foregoing instrument and who acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

GIVEN under my hand and seal the day and year last above written.

OFFICIAL SEAL
STEPHANIE HARPER EASTERLING
SEBASTIAN COUNTY
NOTARY PUBLIC – ARKANSAS
My Commission Expires 02/02/2019
Commission No. 12370194

SHarperEasterling
Notary Public
My Commission Expires:

2/2/19
SEAL

## ACKNOWLEDGMENT

STATE OF ARKANSAS )
) ss.
COUNTY OF SEBASTIAN )

Before me, a Notary Public in and for said County and State, on this 17th day of January, 2011, personally appeared Suzanne Masri, to me known to be the person who executed the above and foregoing instrument and who acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth.

GIVEN under my hand and seal the day and year last above written.

STEPHANIE HARPER EASTERLING
SEBASTIAN COUNTY
NOTARY PUBLIC – ARKANSAS
My Commission Expires 02/02/2019
Commission No. 12370194

SHarperEasterling
Notary Public
My Commission Expires:

2/2/19
SEAL