IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HASSAN MASRI, M.D. and<br>SUZANNE MASRI, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>TOMMY ROBERTS, SR.,<br>JUDY ROBERTS, husband and wife<br>and JOHN DOES 1-3 and/or JANE DOES  1-3,<br><br>    Defendants. | Case No. CIV-11-023-KEW<br><br>Jury trial demanded |

## ANSWER AND COUNTERCLAIM

### ANSWER

**Come now** the Defendants Tommy Roberts, Sr. and Judy Roberts, and for their Answer to the Plaintiffs' Complaint, state and allege:

1. The Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. The Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. The Defendants are without sufficient information upon which to form a belief as to the veracity of the allegations contained in paragraph 3 of the Complaint and therefore deny the same.

4. The Defendants deny that the Plaintiffs state a cause of action and therefore state that the Court has no jurisdiction over this matter. However, the Defendants do admit that the Plaintiffs have alleged diversity of citizenship in their initial allegations as to parties who have been identified to date.

5. The Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. The Defendant deny that the court has jurisdiction over a matter that does not state a cause

of action upon which the Plaintiffs can recover, but do admit that the Plaintiffs have alleged venue in the Eastern District of Oklahoma.

7. The Defendants deny each and every factual allegation contained in paragraph 7 of the Complaint.

8. The Defendants deny each and every factual allegation contained in paragraph 8 of the Complaint.

9. The Defendants admit the authenticity of Exhibit C to the Complaint and deny each and every remaining or contradictory factual allegation contained in paragraph 9 of the Complaint.

10. The Defendants deny each and every factual allegation contained in paragraph 10 of the Complaint.

11. The Defendants deny each and every factual allegation contained in paragraph 11 of the Complaint.

12. The Defendants deny each and every factual allegation contained in paragraph 12 of the Complaint.

13. The Defendants deny each and every factual allegation contained in paragraph 13 of the Complaint.

14. The Defendants deny each and every factual allegation contained in paragraph 14 of the Complaint.

15. The Defendants deny each and every allegation contained in paragraph 15 of the Complaint.

16. The Defendants admit the allegations contained in the first sentence of paragraph 16 of the Complaint. The Defendants deny all remaining factual allegations contained in paragraph 16 of

the Complaint.

17. The Defendants admit the allegations contained in the first sentence of paragraph 17 of the Complaint. The Defendants deny all remaining factual allegations contained in paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, the Defendants adopt all previous responses as if fully set forth herein.

19. The Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. The Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, the Defendants adopt all previous responses as if fully set forth herein.

26. The Defendants admit that as a part of RMR Property, Plaintiff Dr. Hassan Masri invested in property where he and others making up RMR Property intended to develop residential subdivision lots. The Defendants deny each and every remaining and/or inconsistent allegation contained in paragraph 26 of the Complaint.

27. The Defendants admit that they were aware of the partners of RMR Property purchasing the subject real property together with contiguous property as an investment and development into residential lots. The Defendant deny each and every remaining and/or inconsistent allegation contained in paragraph 27 of the Complaint.

28. The Defendants deny each and every factual allegation contained in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, the Defendants adopt all previous responses as if fully set forth herein.

30. Paragraph 30 of the Complaint contains no factual allegations and therefore requires no response; however, to the extent the Court deems the paragraph to contain factual allegations, the Defendants deny the same.

31. Paragraph 31 of the Complaint contains no factual allegations and therefore requires no response; however, to the extent the Court deems the paragraph to contained factual allegations, the Defendants deny the same.

32. In response to paragraph 32 of the Complaint, the Defendants adopt all previous responses as if fully set forth herein.

33. Paragraph 33 of the Complaint contains no factual allegations and therefore requires no response; however, to the extent the Court deems the paragraph to contain factual allegations, the Defendants deny the same.

34. In response to paragraph 34 of the Complaint, the Defendants adopt all previous responses as if fully set forth herein.

35. Paragraph 35 of the Complaint contains no factual allegations and therefore requires no response; however, to the extent the Court deems the paragraph to contain factual allegations, the Defendants deny the same.

36. Paragraph 36 of the Complaint contains no factual allegations and therefore requires no response; however, to the extent the Court deems the paragraph to contain factual allegations, the

Defendants deny the same.

37. Paragraph 37 of the Complaint contains no factual allegations and therefore requires no response; however, to the extent the Court deems the paragraph to contain factual allegations, the Defendants deny the same.

38. Paragraph 38 of the Complaint contains no factual allegations and therefore requires no response; however, to the extent the Court deems the paragraph to contain factual allegations, the Defendants deny the same.

39. Unnumbered "Prayer for Relief" of the Complaint contains no factual allegations and therefore requires no response; however, to the extent the Court deems the paragraph to contain factual allegations, the Defendants deny the same.

## Defenses

40. The Plaintiffs were advised prior to filing of the lawsuit, and given documents establishing that they not only had entered into an agreement with the Defendants for the purchase of the property, they have been paid in full for the purchase of the property.

41. The Plaintiff Dr. Hassan Masri has previously acknowledged and admitted to the transfer of title from him and his wife to the defendants.

42. This lawsuit was not filed in good faith.

## Affirmative Defenses

43. The Complaint fails to state a cause of action upon which the Plaintiffs may recover.

44. The claims of the Plaintiffs, or some portions of them, are barred by the appropriate statutes of limitations.

45. The claims of the Plaintiffs, or some portions of them, are barred by laches.

46. The Plaintiffs are equitably estopped from making their allegations.

47. Any return of the property would allow unjust enrichment to the Plaintiffs.

48. All debt to the Plaintiffs has been satisfied.

49. Accord.

50. The actions and writings of the Plaintiffs have caused the Defendants to rely upon the representations of the Plaintiffs that they sold the property to the Defendants.

**Wherefore,** having fully answered the Plaintiffs' Complaint, the Defendants pray that the Plaintiffs take nothing by virtue of their Complaint, and that the Defendants be awarded judgment against the Plaintiffs for all costs of defending this action, including a reasonable attorney's fee.

## COUNTER-CLAIM

**Come now** the Counter-Claim Plaintiffs, Tommy Roberts, Sr. and Judy Roberts, and for their causes of action against the Counter-Claim Defendants, Hassan Masri and Suzanne Masri, state and allege:

1. The Counter-Claim Plaintiffs, Tommy Roberts, Sr. and Judy Roberts, are residents of Roland, Sequoyah County, in the Eastern District of Oklahoma.

2. That this counter-claim involves real property located in and contracts executed in the Eastern District of Oklahoma.

3. The Counter-Claim Defendants, Hassan Masri and Suzanne Masri are residents of Ft. Smith, Arkansas.

### Statement of Facts

4. On or about September 1993, Hassan Masri, M.D., Delmas Roberts and Roy Roberts created a partnership known as RMR Property. A copy of the creating document is attached hereto

and marked as Exhibit 1 hereto.

5. The purpose of the creation of RMR Property was to purchase 200 acres of land from Woodland Hills to develop said land located in Roland, Oklahoma.

6. That on or about August 23, 1993, Woodland Hills, Inc. deeded said property to R.M.R. Properties. A copy of the Warranty Deed is attached hereto and marked as Exhibit 2.

7. That on or about August 3, 1993, Delmas Roberts, Ruby Roberts, Hassan Masri, Suzanne Masri, Roy Roberts and Betty Roberts executed their real estate mortgage to Woodland Hills, Inc. to secure the payment of $300,000. of the purchase price to Woodland Hills, Inc. A copy of said real estate mortgage is attached hereto and marked as Exhibit 3.

8. At the time the makers of the real estate mortgage signed their real estate mortgage in the sum of $300,000., they also executed a Promissory Note to Woodland Hills, Inc. in the sum of $300,000. That promissory note required a payment of $100,000. on February 1, 1994, and $50,000. plus accrued interest payments annually thereafter. A copy of said Promissory Note is attached hereto and marked as Exhibit 4.

9. On or about March 29, 1994, each partner in RMR Properties and his wife executed a quit claim deed from themselves to Hassan Masri and Suzanne Masri as tenants in common.

10. That on or about September, 1996, Hassan Masri approached the Counter-Claim Plaintiff Tommy Roberts, Sr. about purchasing one-half (½) of the purchased real property, or 100 acres, for the debt on the entire property, $300,000.

11. That Tommy Roberts, Sr. indicated that he would purchase the 100 acres, which included a pond, if the Counter-Claim Defendants could give him good title.

12. At the time, there was a cloud on the title created by Jack Southerland Real Estate.

13. In August and/or September, 1996, Hassan Masri called and/or came to Tommy Roberts, Sr., office and advised him that the cloud on the title created by Jack Southerland Real Estate had been cured.

14. The sale was then handled by Delmas Roberts Realty, Inc. who on September 11, 1996 created a Settlement Statement signed by himself, showing that Suzanne Masri and Hassan Masri were to loan the buyers the sum of $200,000. and receive net proceeds of $81,376.10.

15. A check in the sum of $100,000. was delivered to Delmas Roberts Realty, Inc. Escrow on September 11, 1996.

16. Pursuant to the Settlement Statement, a check from Delmas Roberts Realty, Inc. was executed on September 11, 1996 in the sum of $81,376.10, which check was endorsed by Hassan Masri. The back of the check shows that $70,000. of the check was deposited and $11,376.00 of the check was given to Dr. Masri in cash.

17. At the request of Dr. Masri, who was concerned with the exact location of the line dividing the two halves of his purchase, neither the deed nor the mortgage to Dr. Masri were filed when they were executed on September 11, 1996. However, out of the proceeds, the buyers were given a check on September 11, 1996, for the documentary stamps for the filing of the deed from the Masri Counter-Claim Defendants.

18. On September 11, 1996, as a part of the sale of 100 acres to Tommy and Judy Roberts, Hassan Masri and Suzanne Masri executed a warranty deed to Woodland Hills Properties, Group. A copy of the Warranty Deed is attached hereto and marked as Exhibit 5.

19. On August 27, 2003, Hassan Masri and Suzanne Masri executed a Quit Claim Deed on nearly the same property as the deed Tommy Roberts and Judy Roberts as joint tenants. A copy

of said Quit Claim Deed is attached hereto as Exhibit 6 and made a part hereof.

20. That on September 11, 1997, after a survey conducted by Harvell and Associates, it appeared to Hassan Masri and Suzanne Masri, that they wanted some of the property they sold to Tommy Roberts and Judy Roberts for a development they were planning. The Masris and the Roberts entered into an agreement whereby the semi-annual payment made by the Roberts was reduced from $28,000. to $8,000., with the $20,000. re-purchasing a portion of the property conveyed to the Roberts in the Warranty Deed executed on September 11, 1996. A copy of the Agreement is attached hereto and marked as Exhibit 7.

21. That on December 8, 2010, Hassan Masri called Tommy Roberts, Sr., asking for reimbursement of property taxes that had been assessed to Hassan Masri and paid by Hassan Masri on the 100 acres sold by Hassan and Suzanne Masri to Tommy and Judy Roberts in 1996. Said property taxes were assessed to Hassan and Suzanne Masri because at the request to Hassan Masri, the deeds had not been filed of record. Tommy Roberts, Sr. and Judy Roberts have fully reimbursed Hassan and Suzanne Masri for the taxes. The Counter-Claim Plaintiffs have filed the two deeds from Hassan and Suzanne Masri to them of record in the office of the County Clerk of Sequoyah County, Oklahoma.

22. That on the 8th day of December, 2010, Hassan Masri and Suzanne Masri executed a Warranty Deed to Masri Investment, LLC, and filed the same of record in the office of the County Clerk of Sequoyah County, Oklahoma, which deed is recorded in Book 1237 at Page 598. Said deed includes the 100 acres sold to and paid by Tommy Roberts Sr. and Judy Roberts. Said deed is a slander upon the title of Tommy Roberts Sr. and Judy Roberts to the 100 acres they purchased and paid for. A copy of the deed is attached hereto and marked Exhibit 8.

23. That in 2003, the Counter-Claim Plaintiffs, Tommy Roberts Sr. and Judy Roberts built their home upon the 100 acres sold to them by Hassan Masri and Suzanne Masri. On several occasions, Hassan Masri has asked to be invited to visit their home for a social occasion. Hassan Masri was aware of the building and existence of the home upon the property, but made no demand during the building of the home or for nearly six (6) years thereafter.

24. As late as January, 2011, Hassan Masri has negotiated with the Counter-Claim Plaintiffs for the re-purchase and/or quit claim deeds for small portions of land upon which he has built a home in the Stone Bridge Addition.

25. That Hassan Masri was provided by Tommy Roberts, Sr., Judy Roberts, or attorney or agents on behalf of Tommy Roberts Sr. and Judy Roberts with checks establishing payment by Tommy and Judy Roberts for the 100 acres prior to his filing suit herein.

### First Cause of Action
### Slander of Title

26. The Counter-Claim Plaintiffs adopt all allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. The filing of a deed by Hassan Masri and Suzanne Masri to their LLC on property they knew they had sold to and had been paid for by Tommy Roberts Sr. and Judy Roberts was an act of slander on the title.

**Wherefore**, pursuant to 16 O. S. §79, the Counter Claim Defendants should be awarded triple damages against Hassan Masri and Suzanne Masri, jointly and severally, plus all costs of this action and attorney fees.

## Second Cause of Action
## Unjust Enrichment

28. The Counter-Claim Plaintiffs adopt all allegations contained in paragraph 1 through 25 as if fully set forth herein.

29. The action of the Counter-Claim Defendants prays for return of the property which was sold to and paid for by the Counter-Claims Plaintiffs.

30. The Counter-Claim Plaintiffs have made substantial improvements to the property since it was sold to them by Hassan and Suzanne Masri.

31. Hassan and Suzanne Masri are aware of the improvements that were made to the property that they sold and received payment for.

32. Any return of the real property to Hassan and Suzanne Masri would allow them to unjustly and improperly benefit from their actions.

**Wherefore,** the Counter-Claim Plaintiffs should be granted judgment against the Hassan Masri and Suzanne Masri, jointly and severally, for damages for any unjust enrichment that should occur due to their lawsuit.

## Third Cause of Action
## Fraud

33. The Counter-Claim Plaintiffs adopt all allegations contained in paragraph 1 through 25 as if fully set forth herein.

34. Hassan Masri and Suzanne Masri have consistently since September 11, 1996, known to whom they sold the 100 acres at issue in their lawsuit.

35. Hassan Masri and Suzanne Masri have not only been paid in full for the purchase of the 100 acres, but they have been presented with proof of the payment for the property.

36. Hassan Masri and Suzanne Masri did not file their lawsuit in good faith.

**Wherefore**, the Counter-Claim Plaintiffs should be granted judgment against Hassan Masri and Suzanne Masri, jointly and severally, for damages for the fraud in filing said Complaint plus all costs of defending their action, including a reasonable attorney's fee.

BETTY OUTHIER WILLIAMS LAW OFFICE

Betty Outhier Williams, OBA# 9637
P.O. Box 87
Muskogee, OK 74402
918.687.5425 Telephone
918.687.0761 Telefax
bowlaw@sbcglobal.net

**VERIFICATION**

STATE OF OKLAHOMA )
) ss
COUNTY OF SEQUOYAH )

Tommy and Judy Roberts, being first duly sworn on oath, state: they have read the above and foregoing petition, and that the matters set forth therein are true and correct to the best of their knowledge and belief.

DATED this 14th day of February, 2011

TOMMY ROBERTS, SR.

JUDY ROBERTS

SUBSCRIBED AND SWORN to before me this 14th day of February, 2011.

DELAINA STEVENS
Notary Public, State of Oklahoma
McIntosh County
Commission # 9901607
My Commission Expires October 14, 2011

NOTARY PUBLIC

My Commission Expires: October 14, 2011

-12-

My Commission No. is: 9901607

(SEAL)

## Certificate of Service

I hereby certify that on the 14th day of February, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

she@hayesalford.com
Stephanie Harper Easterling
Hayes & Alford, PLLC

I hereby certify that on the 14th day of February, 2011, I placed into the U. S. Mail with sufficient postage attached thereto, a copy of the foregoing document to:

None

Betty Outhier Williams